LIZARDI, PLAINTIFF AND APPELLEE, *v.* MARRERO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in an Action of Debt.

No. 2821.—Decided December 14, 1923.

DEBT—ACCOUNT CURRENT—PLEADING.—When an action is brought on an account current it is not necessary to set out in detail in the complaint the several items which make up the amount sued for, nor to allege that the balance had been admitted by the defendant.

ID.—ID.—ID.—EVIDENCE.—There having been no showing of partiality, passion, prejudice or a manifest error in the weighing of the evidence, and the complaint being sufficient, for although it failed to state the year of the maturity of the obligation its general wording indicates that it was the year 1921, the judgment appealed from should be affirmed.

The facts are stated in the opinion.

*Mr. R. Arce* for the appellant.

*Messrs. C. Travecier* and *A. L. López* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

On June 7, 1921, the complaint in this case was filed in the District Court of Humacao, reading so far as pertinent as follows:

"II. That on different dates in the year 1920 the plaintiff delivered to the defendant several sums of money for financing a tobacco plantation, amounting in all to $824.50 which, by agreement of the parties, bore interest at the rate of one per cent from May 31st when the obligation became due until its payment in full.

"III. That on May 31, 1920, and for the same purpose the plaintiff delivered to the defendant the sum of $300 secured by a promissory note made, signed and delivered by the defendant to the plaintiff to mature on December 31, 1920, reading as follows: (The note is copied.)

"IV. That both obligations make a total of $1,124.50 and the interest thereon, which has not been paid in full or in part notwithstanding several demands made upon the defendant."

The defendant pleaded that the complaint did not state facts sufficient to constitute a cause of action and the demurrer was overruled.

Thereupon the defendant moved that the plaintiff produce a current account and that was done.

The defendant answered and denied the second allegation of the complaint, alleging that he was a tobacco planter and that the plaintiff agreed to finance his crop at the rate of $150 for each acre planted, subject to certain other conditions that the plaintiff did not perform, and advanced him only $138 in cash and $246.70 in goods, or a total of $384.70. He admitted the promissory note referred to in the third allegation of the complaint and filed a counterclaim against the plaintiff for $2,000 for damages caused by his failure to perform the financing contract.

The case was tried and the evidence was examined. The court finally rendered judgment sustaining the complaint and dismissing the counter-complaint. The defendant there-

upon took the present appeal, assigning in his brief error on the part of the court (1) in overruling the demurrer, (2) in considering as actionable an obligation that was not, (3) in finding the plaintiff's evidence sufficient and (4) in not giving due consideration to the defenses of the defendant.

In discussing the first assignment the appellant alleges that the complaint—

"(a) Did not state the days and months of the year 1920 on which the plaintiff furnished the defendant the several sums of money enumerated in the second allegation amounting to $824.50; (b) did not allege that the defendant had acknowledged or admitted the said balance; (c) did not state the exact date on which the alleged debtor agreed to repay the said amount, for mention is made only of May 31st without giving the year."

It was not necessary to set forth in detail in the complaint the different items of the account, the plaintiff being bound to deliver a copy of the account to the adverse party according to section 124 of the Code of Civil Procedure. This was done in the present case.

Nor was it necessary to allege in this kind of an action that the balance of the account had been admitted by the defendant. *Giménez* v. *Alfonso,* 29 P. R. R. 300.

It is a fact that in the second count of the complaint the year in which the obligation became due is not stated. The day and the month are given. In our opinion, from the general context of the complaint and the date on which it was filed it may be deduced that the year was 1921. Such being the case, we think that the omission can not be considered a fundamental error and, therefore, that the district court did not improperly overrule the demurrer.

The other errors assigned refer to the evidence, on which the trial court found as follows:

"From the whole of the evidence examined the court is of the opinion that the plaintiff has proved all of the allegations of his complaint except the obligation of the defendant to pay interest

at the rate of 1 per cent from May 31, 1921, on the sum of $824.50 due for goods and cash delivered; and that the defendant has not proved to the satisfaction of the court that he owes the plaintiff only the sum of $684.70, or the other allegations of his answer and counter-complaint for damages for non-performance of the contract."

We have examined the evidence carefully. It is contradictory on some essential points. If the court had believed the defendant's witnesses it should have given judgment in his favor. But the court did not give them credit and on the contrary believed the plaintiff's witnesses, and although we have had some doubts after examining the evidence ourselves, these doubts are not such as to warrant a holding that the trial court committed manifest error.

The judgment appealed from must be

*Affirmed.*

Justices Wolf, Hutchison and Franco Soto concurred.

Mr. Justice Aldrey took no part in the decision of this case.